United States District Court
Southern District of Texas
**ENTERED**
November 17, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| VICTOR MOLINA, | § | |
| | § | |
| Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 2:25-CV-00017 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

This case is about a dog bite. Federal agents executing an arrest warrant on Plaintiff's property released their K-9 unit, Chief, who then bit Plaintiff's arm. Plaintiff now sues the United States for damages under the Federal Tort Claims Act. Because the agents executing the warrant used their discretionary authority to release the K-9, the United States is entitled to sovereign immunity. Consequently, the Court lacks subject matter jurisdiction over this case, and the Court **GRANTS** Defendant's motion to dismiss. (D.E. 49).

## I. Background

District courts may consider facts outside the plaintiff's complaint when ruling on a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *Tsolmon v. United States*, 841 F.3d 378, 382 (5th Cir. 2016) (permitting consideration of pled, undisputed, and even disputed facts). Therefore, the Court presents the facts as a composite between Defendant's motion and Plaintiff's reply. (D.E. 49, p. 2–3).

Acting pursuant to an arrest warrant, federal agents for Customs and Border Patrol ("CBP") surrounded Plaintiff's property. (D.E. 46, p. 2–3). The warrant described "a gang member [who]

was wanted for attempted murder and possession of a controlled substance." *Id.* at 1. The agents believed the gang member resided at Plaintiff's property. *Id.* at 2–3.

After clearing the property's primary structure, an agent K-9 handler approached a separate structure at the back of the property. (D.E. 49, p. 2). Plaintiff and two other occupants were inside, although it is unclear whether the agent knew the structure was occupied. *Id.*; (D.E. 46, p. 3). The agent partially opened the door but was unable to open it fully. (D.E. 49, p. 2). Then, the agent released his K-9 into the structure. *Id.* The parties dispute whether the agent provided verbal warnings prior to releasing the K-9. *Id.* at 6.

Once inside, the K-9 bit Plaintiff's arm and continued to bite as Plaintiff attempted to shield himself. *Id.* at 2. Otherwise, Plaintiff was passive and appeared to be "giving up." *Id.* As agents would later learn, Plaintiff was not the gang member described in the warrant. *Id.* at 2–3. Plaintiff now sues for damages.

## II. Legal Standards

"The United States enjoys sovereign immunity from suit, meaning it cannot be sued without consent." *Gonzales v. United States*, 851 F.3d 538, 543 (5th Cir. 2017) (citing *United States v. Navajo Nation*, 537 U.S. 488, 502 (2003)). Absent waiver of this sovereign immunity, federal courts do not have subject-matter jurisdiction over suits against the United States. *Bodin v. Vagshenian*, 462 F.3d 481, 484 (5th Cir. 2006) (citation omitted).

The FTCA waives sovereign immunity, providing the "sole basis of recovery for tort claims against the United States." *Gonzales*, 851 F.3d at 543 (citation modified). That waiver, however, is subject to several exceptions. *Id.* Relevant here is the discretionary function exception, "which 'preserves the federal government's immunity when an employee's acts involve the

exercise of judgment or choice.'" *Garcia v. United States of America*, No. 25-20180, 2026 WL 3147892, at *8 (5th Cir. Oct. 21, 2026) (quoting *Gonzales*, 851 F.3d at 543).

In other words, if the discretionary function exception to the FTCA applies, then the United States has not waived its sovereign immunity, and federal courts lack subject-matter jurisdiction over the lawsuit. *See id.* In full, the discretionary function exception states as follows:

> Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a). To determine whether the discretionary function exception applies, courts apply a two-pronged test. First, "the conduct must be a matter of choice for the acting employee; and [second,] the judgment must be of the kind that the discretionary function exception was designed to shield." *Garcia*, 2026 WL 3147892, at *9 (citation omitted). The discretionary function exception was designed to shield "only governmental actions and decisions based on considerations of public policy." *United States v. Gaubert*, 499 U.S. 315, 323 (1991) (citation omitted). "When established governmental policy, as expressed or implied by statute, regulation, or agency guidelines, allows a [g]overnment agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion." *Id.* at 324.

## III. Discussion

### A. Defendant's Rule 12(b)(1) motion is the proper vehicle.

Before ruling on the merits of the discretionary function exception, the Court must first decide whether a Rule 12(b)(1) motion is the proper vehicle, or whether a motion for summary judgment would be more appropriate. Plaintiff urges the Court to assume jurisdiction and resolve the discretionary function exception at summary judgment, arguing "the factual predicates of the

Government's . . . arguments . . . are the same facts that determine liability." (D.E. 49, p. 3); *see Montez v. Dep't of Navy*, 392 F.3d 147, 150 (5th Cir. 2004) ("[W]here issues of fact are central to both subject matter jurisdiction and the claim on the merits, [the district court] must assume jurisdiction and proceed to the merits."). Plaintiff's argument is unpersuasive.

Although district courts should not intertwine jurisdictional and merit-based rulings, the applicability of the discretionary function here turns solely on issues of law, not disputed facts. Indeed, Plaintiff lists several contested facts: "what the agents knew, what was announced, what occupants could hear, why the door did not fully open, what [the K-9] and [Plaintiff] did, when the occupants became visible, and when any arguable threat ended." (D.E. 49, p. 6). Whatever relation these facts may have to Defendant's liability on the merits, none of these seemingly disputed facts affect the Court's analysis of the discretionary function exception.

In short, Defendant's Rule 12(b)(1) motion is not an "indirect attack[] on the merits" of Plaintiff's case. *Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981). Rather, Defendant's motion only challenges the Court's subject-matter jurisdiction, so it is appropriate for the Court to decide the issue at the motion to dismiss stage. *See Smith v. Regional Transit Authority*, 756 F.3d 340, 347 (5th Cir. 2014) (permitting district courts to decide Rule 12(b)(1) motions where "disputed facts are immaterial to the outcome").

**B. The discretionary function exception applies, so the Court lacks subject-matter jurisdiction.**

Because the Court may rule on Defendant's Rule 12(b)(1) motion, the Court proceeds to the discretionary function exception's two-pronged test.

*i. Deploying a K-9 is a matter of choice.*

The first prong of the discretionary function exception is whether deploying a K-9 is a matter of choice for the agent. *Garcia*, 2026 WL 3147892, at *9. In the Fifth Circuit, an agent has

discretion over an action unless "a statute or policy . . . specifically directs them to act otherwise." *Tsolmon*, 841 F.3d at 384 (citing *Collins v. United States*, 783 F.2d 1225, 1230–31 (5th Cir. 1986).

Here, the CBP Canine Policy and Procedures manual governs K-9 handling and deployment, and that manual explicitly recognizes K-9 deployment is a matter of discretion for the agent K-9 handler. (D.E. 46, p. 8) ("This policy . . . is intended to act as a guide to a handler's *discretion* during a Patrol Canine Deployment." (emphasis added)). There is no indication that the manual specifically directs an agent K-9 handler to act other than how the agent K-9 handler acted here. *Tsolmon*, 841 F.3d at 384.

Plaintiff argues characterizing the agent's conduct as "deploying a canine" is too general and abstract. *Id.* at 4–5. Plaintiff suggests the Court should instead analyze the agent's conduct as deploying a K-9 "through a partially opened door, out of the handler's sight, against unidentified occupants who were not the warrant target, fail[ing] to give an adequate notice and time to those in the dwelling to respond, and permitting the dog to seize [Plaintiff] although the occupants appeared passive." This argument is of no consequence, however, because Plaintiff fails to identify a portion of the manual that specifically prohibits deploying a K-9 in those circumstances.

Furthermore, Plaintiff's proposed characterization undermines his own argument. As Plaintiff's framing demonstrates, deploying a K-9 requires highly specific, fact-intensive decision-making. Indeed, the manual anticipates this reality: "It is impossible for this policy or any other particular standard to anticipate all possible circumstances and contingencies." (D.E. 46-2, p. 2). Therefore, whether the Court frames the agent's decision abstractly—deploying a K-9—or concretely—deploying a K-9 in these particular circumstances—the conclusion remains the same: Deploying a K-9 is a matter of choice.

*ii. The discretionary function exception was designed to shield that choice.*

As to the discretionary function exception's second prong, the Court finds that K-9 deployment is the type of judgment the discretionary function exception was designed to shield. The discretionary function exception was designed to shield "only governmental actions and decisions based on considerations of public policy." *Gaubert*, 499 U.S. at 323 (citation omitted). "When established governmental policy, as expressed or implied by statute, regulation, or agency guidelines, allows a [g]overnment agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion." *Id.* at 324.

Here, an established agency guideline—the manual—confers discretion on agents regarding K-9 deployment, so the Court presumes the agent's decision to deploy the K-9 was grounded in policy. *See id.* Therefore, the agent's decision was the type of judgment the discretionary function exception was designed to protect. Accordingly, the agent's decision to deploy the K-9 satisfies both prongs, and the discretionary function exception to the FTCA applies.

**IV. Conclusion**

For the reasons discussed above, the Court lacks subject-matter jurisdiction over this lawsuit. Accordingly, the Court **GRANTS** Defendant's motion to dismiss, (D.E. 46), and **DISMISSES** Plaintiff's Complaint, (D.E. 1).

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
November 17th, 2026